**Sam S. Shaulson**
+1.212.309.6718
sam.shaulson@morganlewis.com

> It is ORDERED that the Initial Pretrial Conference set for April 2, 2020 is adjourned *sine die*. The Court will address Defendant's Pre-Motion Letter in a separate order. SO ORDERED.
>
> Date: 3/26/2020
> New York, New York
>
> _/s/ Mary Kay Vyskocil_
> Mary Kay Vyskocil
> United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2020

**VIA ECF**

March 26, 2020

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Taha Khelalfa v. General Electric Company*, 19-cv-10727 (MKV)

Dear Judge Vyskocil:

We represent Defendant General Electric Company ("GE") in the above-referenced matter. We write pursuant to Rule 2(G) of Your Honor's Individual Rules to respectfully request an adjournment of the initial pretrial conference currently scheduled for April 2, 2020. This is GE's first request to adjourn the initial conference.

COVID-19 has resulted in ever-expanding challenges for the courts, as well as litigants and their counsel. Despite sending multiple correspondence to Plaintiff's counsel in recent weeks, GE has not received any response. GE is sensitive to the fact that many attorneys and parties are addressing matters outside of litigation. Given that the parties have been unable to confer in advance of the initial conference, GE requests this adjournment.

Moreover, for the reasons set forth in GE's pre-motion letter filed on March 23, 2020, GE intends to move to dismiss the Complaint because Plaintiff's claims are subject to a binding forum selection clause that precludes him from litigating in this Court and, alternatively, should be dismissed on *forum non conveniens* grounds because the claims concern alleged events arising exclusively in France. *See* ECF No. 13. Under any circumstances, conducting discovery would be unduly burdensome because France is the locus of the claims and allegations in the Complaint. Now, those burdens would weigh even more heavily on the parties and any potential witnesses. For these additional reasons, GE respectfully submits that the Court should have an opportunity to consider the merits of GE's anticipated motion to dismiss, whether at a pre-motion conference or once the motion is filed, before determining whether or not discovery should proceed pending the motion's disposition.

Accordingly, GE requests that the initial pretrial conference be adjourned. GE further requests that, to the extent the Court schedules a pre-motion conference in response to GE's anticipated

motion to dismiss, that counsel for all parties, including Plaintiff's counsel, be permitted to appear telephonically.

We thank the Court for its consideration of these matters.

Respectfully submitted,

*/s/ Sam S. Shaulson*
Sam S. Shaulson

*Counsel for Defendant*

cc: All counsel of record (*via* ECF)